**COMPUWARE CORPORATION,**
Plaintiff–Appellee,

v.

**Michael M. BAHN and Mary C. Bahn,**
Defendants–Appellants.

No. 03–1057.

United States Court of Appeals,
Sixth Circuit.

Aug. 17, 2004.

Richard A. Wilhelm, Dickinson, Wright, PLLC, Detroit, MI, for Plaintiff–Appellee.

Nanette L. Korpi, Timothy R. Van Dusen, Haliw, Siciliano & Mychalawych, Farmington Hills, MI, for Defendants–Appellants.

Before BOGGS, Chief Circuit Judge, DAUGHTREY, Circuit Judge, and WISEMAN, District Judge.*

PER CURIAM.

In this diversity contract dispute, defendants Mary and Michael Bahn appeal the district court's grant of summary judg-

* The Hon. Thomas A. Wiseman, Jr., United       States District Judge for the Middle District of

ment to the plaintiff, Compuware Corp., and the court's denial of the Bahns' motion to add additional parties. The contract in question was an unconditional guaranty under which Compuware was the secured party and the Bahns were the only guarantors. When the promissory note that the defendants had guaranteed came due and was not paid, Compuware filed this action, seeking to enforce the guaranty. The district judge held that the defendants were bound by the agreement and entered judgment in the plaintiff's favor. We find no reversible error and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This action had its genesis in a 1999 merger agreement, by which Compuware acquired three companies: M.I.S. International Inc., Simco International, Inc., and Autoflex, Inc. The shareholders of these three companies were trusts created by Michael M. and Mary Bahn and their three children. Compuware elected not to acquire Global Electronics, Inc., a fourth company owned by the Bahns. As part of the acquisition, however, Compuware became the holder of a promissory note for $1,045,829.87, executed by Global Electronics and made payable to M.I.S. International. At the time of the acquisition, defendants Michael and Mary Bahn, as the sole shareholders of Global Electronics, signed an unconditional guaranty for the benefit of M.I.S. International for full payment of Global Electronic's debt.

When payment on the promissory note came due some three years later and remained unpaid, Compuware hand-delivered a notice of default and demand for payment to Michael Bahn as representative for Global Electronics, and it filed this action against the Bahns for breach of the unconditional guaranty. The Bahns then filed suit in state court, claiming that they were fraudulently induced to sign the guaranty and that Compuware had wrongfully seized escrowed shares of Compuware stock. The outcome of the state litigation is not reflected on the record in this case, although it appears that Compuware has secured an order of partial summary judgment. In addition, Global International filed a separate state action against Compuware, alleging breach of contract, misappropriation of trade secrets, and tortious interference. That litigation is apparently also ongoing.

In the meantime, the Bahns filed a motion in this action to add as necessary parties Global Electronics, Michael J. Bahn, Marisa R. Bahn, the Michael M. Bahn Revocable Trust, the Renee C. Phillips 1999 Qualified Annuity Trust, and the Mary C. Bahn 1999 Qualified Annuity Trust or, in the alternative, to stay the proceedings pending the resolution of the state court actions. Compuware filed a motion for summary judgment. The district court granted Compuware's motion and denied the Bahns' motion. This appeal followed.

## DISCUSSION

■ Applying Michigan law, the district court noted that "as a general rule, where terms having a definite legal meaning are used in a written contract, the parties to the contract are presumed to have intended such terms to have their proper legal meaning, absent a contrary intention appearing in the instrument." *Conagra Inc. v. Farmers State Bank,* 237 Mich.App. 109, 132, 602 N.W.2d 390, 401 (1999) (quoting *Nationwide Mut. Fire Ins. Co. v. Detroit Edison Co.,* 95 Mich.App. 62, 289 N.W.2d 879, 881 (1980)). Here, under the terms of the agreement, the defendants "unconditionally, absolutely and irrevocably guarantee[d to Compuware] the full and punctual payment, performance and discharge

Tennessee, sitting by designation.

of all indebtedness, liabilities and obligations, of [Global Electronics] to [Compuware]." The district court correctly found that the Bahns were bound by this language. Moreover, the district court was correct in rejecting the defendants' contention that alleged wrong-doing on the part of the plaintiff should somehow excuse them from paying, noting that under the terms of the contract, the defendants had waived any and all defenses to payment of the obligation. We hold that the judgment on the merits must be upheld.

Moreover, we find no reversible error in connection with the procedural rulings of the district court that the defendants have asked us to review on appeal. They contend, for example, that the district court erred in disposing of the case on motions without a hearing and before adequate discovery had taken place. It appears, however, that the defendants failed to file a Rule 56(f) motion, which is necessary in order to "preserve the argument that the grant of summary judgment was too hasty and precluded necessary discovery." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir.1995). Thus, the claim in this case that the district court granted these motions prematurely must fail.

█ The record indicates that the district court denied the defendants' motion to add parties because Compuware, Michael M. Bahn, and Mary C. Bahn were the only parties to the unconditional guaranty and were, therefore, the only necessary parties to this action. When deciding such a motion, a court must consider whether any parties would be injured by the non-inclusion of the proposed additional parties. "The [Federal Rules of Civil Procedure] embody the policy decision that avoiding such harm is more important than deferring to plaintiff autonomy. Thus, the court will order joinder of necessary parties if such joinder can be effected." 4

MOORE'S FEDERAL PRACTICE § 19.02 (3d ed.2004). Here, none of the proposed additional parties were at such risk, as none of them had signed the guaranty, and thus none of them could be held responsible for the debt. Hence, the district court did not abuse its discretion in denying defendants' motion to add parties.

We likewise find no abuse of discretion in the district court's decision not to stay the federal proceedings. There appears to be little danger of inconsistent results among the various state and federal actions because the parties to those actions and their claims are distinct rather than parallel.

### CONCLUSION

For the reasons set out above, we AFFIRM the judgment of the district court in all respects.